## Case No. 15,401.

### UNITED STATES v. HOWARD.

[11 Int. Rev. Rec. 119.]

District Court, W. D. Missouri. 1870.

INTERNAL REVENUE—DISTILLER'S TAX—WHO ARE DISTILLERS.

[It is not only the person or persons who carry on the actual work of manufacturing distilled spirits, but all persons having an interest in the business, or directly aiding in the production of spirits, for their use or benefit, who are considered distillers under the internal revenue law, and amenable to its provisions.]

[This was an indictment against Francis C. Howard for an alleged violation of internal revenue laws.]

THE COURT charged the jury:

The defendant, Francis C. Howard, in the first count of the indictment is charged with

being, on the 15th day of January, 1869, a distiller, having his place of business in Christian county, in the Western district of Missouri; and that, as such distiller, he had failed to pay the special tax required under the revenue law. It is not pretended that he paid the tax, or that he intended to pay it, but it is denied that he had anything whatever to do with the distillery under consideration, by which he became liable to a tax or a prosecution. The United States charges the defendant with being a distiller and with having failed to comply with the law applicable to that business. Under the indictment it is the duty of the government to satisfy your minds that the charges made are true. It is not necessary, for the purpose of this case, to define what a distiller is, for under the evidence there can be no question as to there being a distillery carried on, and consequently there must have been one or more distillers. It is not only the person or persons who carry on the actual work of manufacturing distilled spirits, but all persons having an interest in the business of distilling, or directly aiding the production of spirits for their use or benefit, who are considered distillers under the law, and are subject to and amenable to its provisions. It is not necessary that the time should be proven as alleged in the indictment. If the offence has been committed (say for the purposes of this case) within one year prior to the finding of the indictment, the law is satisfied. The allegation that the offence, if any, was committed in Christian county, is satisfied by showing that it was in the Western district of Missouri.

It has already been said that more than one person may be connected with the same distillery so as to bring them within the provisions of the law. The mere fact that a party knows that the revenue law is violated, is not sufficient to make him amenable to its penal provisions. However derelict as a good citizen a man may be who stands by and sees the revenue law violated, yet that of itself is not sufficient to bring him within its penal provisions, though it may be a link in the chain of evidence leading to the establishment of his guilt. In order to find the defendant Howard guilty, he must have had some interest in the distillery over which the controversy is had. If, for instance, he had an interest in the mill situate near this distillery, and the carrying on of the distillery would bring direct benefit to the mill in the way of toll, and you shall, in addition thereto, find that he had an interest in the land on which the distillery was erected, so as to give him control of it, he consenting to the erection of the distillery, and also find that he knew the revenue laws were violated by the carrying on of the distillery—these facts, when found, may be considered by you as tending to establish such an interest in the distillery as will bring him under the definition of a distiller.

The evidence as to the manner in which the business of the distillery was carried on, the connection the partner of the defendant had with it and the mill, the manner in which illicitly distilled spirits were carried from the still-house to the mill, the barrel and keg in which it was put, what the defendant himself said about the matter, his keeping hogs upon the offal of the mill and distillery, are all circumstances carefully to be weighed by you in arriving at the conclusion of the guilt or innocence of the defendant. You are the exclusive judges of the facts and of the credibility of the witnesses. From the conduct of the latter in court, from the relation in which they stand to this case, from their means of knowledge, and from the testimony they gave, you must arrive at the weight you will attach to their evidence. It has already been said that the government must affirmatively show that the law has been violated. Your mind must be satisfied—that is, put beyond that state of uncertainty in which it hesitates in coming to any conclusion. If, upon considering all the facts and circumstances of the case, your minds remain in doubt and uncertainty, you are to acquit. If you acquit on the first count, you will, as a matter of course, on all others. If you find for the government, you may so find on one or more of the counts.

The jury found a verdict of guilty. A motion for new trial was filed by defendant, and is now pending.